IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>RUTH V.A. ROMAGLIA, HER HEIRS, DEVISEES, AND PERSONAL REPRESENTATIVES, AND HERS, THEIRS, OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; STATE OF NEW JERSEY; UNKNOWN OCCUPANTS ONE THROUGH TEN.<br><br>Defendant(s) | Civil Action No.<br><br>**Complaint for Foreclosure and Possession** |

The UNITED STATES OF AMERICA, by and through its attorneys, Frank J. Martone, P.C., states the following claims against the defendants:

**PARTIES**

1. Plaintiff, Department of Housing and Urban Development, is an agency of the United States of America, (hereinafter referred to as "United States of America") having an office at 301 NW 6th Street, Suite 200, Oklahoma City, Oklahoma.

2. Upon information and belief, Ruth V.A. Romaglia, mortgagor and original owner, died on September 18, 2008. Frank V. Romaglia Jr., husband of Ruth V.A. Romaglia predeceased her on August 19, 1963.

3. The unknown heirs of Ruth V.A. Romaglia are named as party defendants for any interest they may have in the subject property, and are designated as her heirs, devisees and personal representatives, and hers, theirs, or any of their successors in right, title and interest.

4. The State of New Jersey is hereby made a party defendant by virtue of its interest in any unpaid transfer and/or inheritance taxes, which may be due by reason of the death of Ruth V.A. Romaglia.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1345, which provides that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq.*

6. Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

7. The mortgagor, Ruth V.A. Romaglia, prior to the execution of the note and mortgage, was duly advised and counseled regarding the United States Home Equity Conversion Mortgage (HECM) loan program, which program is regulated and set forth in 24 CFR Part 206, *et seq.* and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development. The purpose of this program is set forth in 24 CFR 206.1, and as..."set out in section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. 1715z-20)"; being further regulated by Handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

8. On or about October 19, 1994, Ruth V.A. Romaglia executed and delivered to INTERCHANGE STATE BANK, its successors and assigns, a Home Equity Conversion Mortgage Adjustable Rate Note, attached hereto as Exhibit A, incorporated herein and made a part hereof as it fully written herein. (Note). Under paragraph 2, of the Note, titled: **Borrowers Promise to Pay: Interest**, the mortgagor, Ruth V.A. Romaglia, agreed to the following, to wit:

> In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated October 19, 1994 (Loan Agreement), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. Interest will be charged on unpaid principal at the rate of 7.625% per year until the full amount of

principal has been paid.  The interest rate may change in accordance with Paragraph 5 of this Note.  Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

9. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, the mortgagor, Ruth V.A. Romaglia executed and delivered to INTERCHANGE STATE BANK, a Home Equity Conversion Mortgage, a copy of which is attached hereto as Exhibit B., incorporated herein and made a part hereof as if fully written herein (Mortgage).  Said Mortgage was duly recorded on October 27, 1994 in Book 8889, at Page 904, BERGEN County Register, BERGEN County, New Jersey.  Said real estate is within the jurisdictional limits of the Court.  Said mortgage was not a purchase money mortgage.

10. The mortgaged premises are described as follows:

All that certain tract or parcel of land and premises situate in the Township of ORADELL, County of BERGEN and State of New Jersey being more particularly described as follows:

See attached Exhibit C.

Tax Lot 6, Block 405, commonly known as 825 BELLIS PARKWAY, ORADELL, New Jersey 07649.

The metes and bounds description contained in Exhibit C attached hereto is the same description contained in the recorded mortgage referenced in Paragraph 9, above.

11 (a). On January 31, 1998 by assignment bearing that date, Interchange State Bank assigned said Note and Mortgage to Wendover Funding Inc. which Assignment was recorded in the Clerk/Register's office of BERGEN County, New Jersey on February 5, 1998 in Book 1224 of Assignments of Mortgage for said County at Page 672.

11 (b) On July 16, 2001 by assignment bearing that date, Wendover Financial Services formerly known as Wendover Funding Inc. assigned said Note and Mortgage to Lehman Capital, a division of Lehman Brothers Holdings, Inc. which assignment was recorded in the

3

Clerk/Register's office of BERGEN County, New Jersey on August 9, 2001 in Book 1311 of Assignments of Mortgage for said County at Page 140.

11(c)   On August 5, 2004 by assignment bearing that date, Financial Freedom Senior Funding Corporation acting as Attorney in Fact for Lehman Capital, a division of Lehman Brothers Holdings, Inc. assigned said Note and Mortgage to Financial Freedom Senior Funding Corporation which assignment was recorded in the Clerk/Register's office of BERGEN County, New Jersey on September 8, 2004 in Book 1367 of Assignments of Mortgage for said County at Page 114.

11(d)   On August 21, 2009 by assignment bearing that date, Financial Freedom Senior Funding Corporation assigned said Note and Mortgage to Secretary of Housing and Urban Development which assignment was recorded in the Clerk/Register's office of BERGEN County, New Jersey on September 2, 2009 in Book 2232 of Assignments of Mortgage for said County at Page 856.

12.   The mortgagor, Ruth V.A. Romaglia was deemed deceased on September 18, 2008.

13.   The Mortgage provide, at paragraph 9, titled **Grounds for Acceleration of Debt**, "(a) Due and Payable. Lender may require immediate payment in full of all sums secured by this Security Instrument if: (i) a Borrower dies and the Property is not the principal residence of at least one surviving Borrower." Ruth V.A. Romaglia was the only borrower on the Note and Mortgage. See Exhibit B.

14.   Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

15.   The Defendants, each of them is indebted to the United States of America on behalf of the Secretary of Housing and Urban Development and there remains due the following sums to the Plaintiff. (See Statement of Account, attached hereto as Exhibit D, incorporated herein and made a part hereof as if fully written herein.)

| | | |
|---|---|---|
| (a) | Unpaid Principal | $137,213.43 |
| (b) | Interest accrued in accordance with adjustable rate note/mortgage: Initial signing rate of 7.625% per annum and adjustable every year thereafter | $85,097.25 |
| (c) | MIP Advances for tax payments and insurance Set forth in 24 CFR 206.27 & 206.103 *et seq.* and HUD Handbook 4330.1 (13-14) | $6,543.64 |
| (d) | Service Fee set forth in HUD Handbook 4330.1 (13-15) | $2,020.00 |
| | Total (as of December 31, 2008) | $230,874.32 |

16. Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

17. During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

18. On September 18, 2008, default occurred. The entire principal and interest, insurance and taxes and other charges became due and payable on plaintiff's mortgage and has not been paid. Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

19. The following instruments or liens of record in the Office of the Register of BERGEN County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth in Paragraph 9, above: None.

20. Defendants, Unknown Occupants One through Ten are joined as party defendants to this action because they are tenants/occupants in said premises and they may have a leasehold interest and possessory interest therein. However, no possession is sought against any tenant/occupant protected by the New Jersey Anti-Eviction Statute (N.J.S.A. 2A:18-61.1, *et seq.*)

21. Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

## COUNT ONE

### Foreclosure on the Mortgaged Premises

22. Plaintiff repeats the allegations contained in Paragraphs 1 through 21 of the Complaint and makes same as part hereof as if repeated at length.

23. As a result of Ruth V.A. Romaglia's default under the mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

WHEREFORE, plaintiff prays for judgment as follows:

(a) Fixing the amount due on its mortgage.

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c) Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d) Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e) Appointing a receiver of rents, issues and profits of said lands.

(f) Such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Possession of Mortgaged Premises

24. Plaintiff repeats any and all allegations of Paragraphs 1 through 23 of the Complaint and makes same a part hereof as if repeated at length.

25. By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described in Paragraph 10 of the Complaint.

26. Defendants, Ruth V.A. Romaglia, Her Heirs, Devisees and Personal Representatives, and Hers, Theirs, or Any of Their Successors in Right, Title and Interest; and Unknown Occupants One through Ten are now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a) That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them.

(b) Damages for mesne profits.

(c) Costs.

(d) Such other and further relief as the Court deems just and equitable.

### DESIGNATION OF TRIAL COUNSEL

Janet Silver Rosen, Esq. is hereby designated as trial counsel for the Plaintiff, UNITED STATES OF AMERICA.


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

Respectfully submitted this 23rd day of September, 2009

                    By:    /s/ Frank J. Martone
                              Frank J. Martone, Esq.
                              Frank J. Martone, P.C.
                              1455 Broad Street
                              Bloomfield, NJ 07003
                              973-473-3000/973-473-3243 – Fax
                              fjm@martonelaw.com
                              Attorneys for Plaintiff,
                              UNITED STATES OF AMERICA

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is stated in the complaint attached hereto.

2. The plaintiff who is names in the attached summons and complaint is the creditor to who the debt is owed.

3. The debt described in the complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtors, within thirty days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor who is named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written request should be addressed to Fair Debt Collection Clerk, Law Office of Frank J. Martone, P.C., 1455 Broad Street, Bloomfield, NJ 07003.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**